**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ROBERT JOHNSON, et al., | CIVIL ACTION NO. 10-494 (MLC) |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. |  |
| LIBERTY MUTUAL INSURANCE COMPANY, |  |
| Defendant. |  |

**COOPER, District Judge**

The remaining plaintiff, Shirley Johnson ("plaintiff"), brought this action against the defendant, Liberty Mutual Insurance Company, alleging claims for breach of contract, bad faith, punitive and exemplary damages, and recovery of attorneys' fees. (Dkt. entry no. 1, Rmv. Not., Ex. A, Compl. at 1-3.) The defendant now moves to dismiss the plaintiff's claims for bad faith, punitive and exemplary damages, and attorneys' fees, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Dkt. entry no. 4, Mot. to Dismiss.) The plaintiff opposes the motion. (Dkt. entry no. 9, Pl. Br.)

The Court determines the motion on the briefs without an oral hearing, pursuant to Rule 78(b). For the reasons stated herein, the Court will grant the motion to dismiss.

**BACKGROUND**

This action arose out of a motor vehicle accident involving the plaintiff that occurred on August 24, 2003. (Compl. at 1, ¶

1.)   The plaintiff was the owner and operator of a vehicle that was traveling on a highway in Virginia.  (Id. at ¶ 2.)  Another vehicle collided with the rear of the plaintiff's vehicle, allegedly due to the negligence of a driver named Barry Paul.  The plaintiff allegedly suffered severe and permanent injuries as a result of the collision.  (Id.)  After the accident, the plaintiff settled with Paul's insurer for $25,000, which was the maximum available under Paul's coverage.  (Compl. at 2, ¶ 4.)

The plaintiff alleges that she had an automobile insurance policy with the defendant that included underinsured motorist coverage in the amount of $250,000 per person and $500,000 per accident.  (Id.)  After receiving the limited recovery from Paul's insurer, the plaintiff sought to recover underinsured motorist benefits from the defendant.  (Id.)  The claim proceeded to arbitration on October 19, 2009, which resulted in an award of $30,000 to the plaintiff.  (Id.)  The plaintiff did not accept the award.  (Id.)  The defendant contends that it was willing to accept the determination of the arbitrator.  (Dkt. entry no. 4, Def. Br. at 2.)

The plaintiff commenced this action on December 7, 2009, in New Jersey Superior Court.  (Rmv. Not.)  The plaintiff asserts claims in (1) the second count for breach of contract, (2) the second count for recovery for negligently failing to act in good faith, (3) the first and second counts for punitive and exemplary

damages, and (4) the first, third, and fourth counts for attorneys' fees.  (Compl. at 1-3.)  The defendant removed the action to this Court and now moves to dismiss the claims for bad faith, punitive and exemplary damages, and attorneys' fees.  (Rmv. Not.; Mot. to Dismiss.)

## DISCUSSION

### I. 12(b)(6) Motion to Dismiss Standard

In addressing a motion to dismiss a complaint under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  At this stage, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 556 (2007)).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-that the 'pleader is entitled to relief.'"  Iqbal, 129 S.Ct. at 1950 (quoting Rule

8(a)(2)); see also Serra v. Berkshire Life Ins. Co. of Am., No. 07-1565, 2007 WL 2066384, at * 2 (D.N.J. July 13, 2007) (explaining that "conclusory legal assertions" are not sufficient to survive a motion to dismiss).

## II. Application of the Legal Standard

### A. Bad Faith

New Jersey law recognizes two circumstances in which an insurer may exhibit bad faith with regard to "an insured's first-party claim: denial of benefits and processing delay." Gingham v. Liberty Mut. Fire Ins. Co., No. 09-2798, 2010 WL 1379909, at *6 (D.N.J. Mar. 26, 2010). To establish a bad faith claim for denial of benefits, a plaintiff must show "(1) the insurer lacked a 'fairly debatable' reason for its failure to pay a claim, and (2) the insurer knew or recklessly disregarded the lack of a reasonable basis for denying the claim." Ketzner v. John Hancock Mut. Life Ins. Co., 118 Fed.Appx. 594, 599 (3d Cir. 2004). A plaintiff establishes bad faith for a processing delay when "the insurer unreasonably delays the processing of a valid claim, and the insurer knows or recklessly disregards the fact that the delay is unreasonable." Gingham, 2010 WL 1379909, at *6 (citation omitted). Although applied in slightly different circumstances, the "fairly debatable" and "unreasonable delay" tests are "essentially the same." Pickett v. Lloyd's, 621 A.2d 445, 454 (N.J. 1993).

The plaintiff asserts that the defendant "negligently failed to act in good faith and otherwise failed to exercise reasonable care in investigating and adjusting" her underinsured motorist claim. (Compl. at 2.) She fails, however, to provide sufficient factual support to accompany this assertion. (Id.) The Complaint does not indicate that the defendant has either denied payment without a fairly debatable reason for doing so or unreasonably delayed the processing of a valid claim. Rather, the plaintiff states that her underinsured motorist claim proceeded to arbitration, and acknowledges that it was her choice not to accept the arbitrator's award. (Id.) Although she contends that there are "facts that would lead to the conclusion that defendants [sic] acted in bad faith," she fails to set forth those facts in the Complaint, and instead states they must be "gleaned through continuing discovery." (Pl. Br. at 5.)

Lacking any factual support, the plaintiff's claim of bad faith stands alone as a "bare averment" that she "wants relief and is entitled to it." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556). Such conclusory statements are not entitled to be accepted as true and are not enough to survive a motion to dismiss. See Iqbal, 129 S.Ct. at 1950 (explaining that the "doors of discovery" are not unlocked for a plaintiff "armed with nothing more than conclusions"). Thus, even when viewed in the light most favorable to the plaintiff, the Complaint has

"failed to raise a right to relief above the speculative level" as is necessary to survive a motion to dismiss.  Phillips, 515 F.3d at 234.  Accordingly, the plaintiff's bad faith claim will be dismissed.

**B.   Punitive and Exemplary Damages**

Punitive damages are "generally not recoverable" in the context of first-party insurance claims.  Polizzi Meats, Inc. v. Aetna Life & Cas. Co., 931 F.Supp. 328, 335 (D.N.J. 1996) (finding that such insurance claims are matters of contract law and therefore not suitable for punitive damages).  Recovery of punitive damages requires an insured party to meet a "higher standard" than simply showing the insurer breached its contractual good-faith duties.  Id. at 335.  This higher standard demands a showing of "egregious circumstances" where the insurer's conduct was "wantonly reckless or malicious."  Id.; Estate of Berrol v. AIG, No. 07-1565, 2007 WL 3349763, at *2 (D.N.J. Nov. 7, 2007).

The plaintiff seeks punitive and exemplary damages as relief for the defendant's alleged breach.  (Compl. at 2.)  The plaintiff again fails, however, to sufficiently support this claim with factual matter demonstrating egregious circumstances, aside from vague allegations that the defendant "unreasonably prolonged the matter" and "failed to act in good faith."  (Id.)

The Complaint lacks factual allegations that would permit the Court to reasonably infer that the defendant's conduct has

6

been wantonly reckless or malicious. As previously explained, "naked assertion[s] devoid of further factual enhancement" will not suffice to survive a motion to dismiss. Iqbal, 129 S.Ct. at 1949 (internal quotation omitted) (alteration in original). Moreover, an insured who cannot state a claim for bad faith damages is necessarily unable to prevail on a claim for punitive damages under the higher standard of egregious circumstances. Cf. Polizzi Meats, 931 F.Supp. at 335-36 (granting insurer's motion for summary judgment on a claim for punitive damages where the insured was unable to support a claim for bad faith or to meet the higher standard required for an award of punitive damages). The plaintiff's claim for punitive and exemplary damages will be dismissed.

**C. Attorneys' Fees**

New Jersey Court Rule 4:42-9 prohibits the award of attorneys' fees except in specific circumstances, one of which is "an action upon a liability or indemnity policy of insurance, in favor of a successful claimant." N.J. Ct. R. 4:42-9(a)(6). This exception is limited to instances where "'an insurer refuses to indemnify or defend its insured's third-party liability to another' and does not authorize an award of counsel fees to an insured 'on a direct suit against the insurer to enforce a casualty or other first-party direct coverage.'" Giri v. Med. Inter-Insurance Exch. of N.J., 597 A.2d 561, 562-63 (N.J. App.

7

Div. 1991) (citation omitted). The exception is "narrow in scope and 'should not be extended . . . to permit a counsel fee award to be made to an insured who brings direct suit against his insurer to enforce casualty or other direct coverage.'" Raritan Bay Fed. Credit Union v. Cumis Ins. Soc'y, No. 09-1512, 2009 WL 2223049, at *4 (D.N.J. July 23, 2009) (citation omitted).

The plaintiff seeks attorneys' fees in the first, third, and fourth counts of the Complaint. (Compl. at 1-4.) This is not a case, however, of a third party claiming loss against the insured. The plaintiff herself is seeking payment under the policy in a suit she brought against her insurer, and as such, is precluded from receiving attorneys' fees on any count. See Raritan Bay Fed. Credit Union, 2009 WL 2223049, at *5. Accordingly, the plaintiff's claim for attorneys' fees will be dismissed.

## CONCLUSION

The Court, for the reasons stated supra, will grant the motion. The Complaint insofar as it asserts claims on behalf of the plaintiff for bad faith, punitive and exemplary damages, and attorneys' fees will be dismissed. The Court will issue an appropriate order and judgment.

                                              s/ Mary L. Cooper
                                      **MARY L. COOPER**
                                      United States District Judge

Dated:  June 24, 2010